**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 07-104-JBC**

**THOMAS HENRY WHALEN,**                                                    **PETITIONER,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**JOHN MOTLEY, WARDEN,**                                                    **RESPONDENT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the report and recommendation of Magistrate Judge James B. Todd, DE 10, regarding the defendant Warden John Motley's motion to dismiss, or in the alternative, motion for summary judgment. DE 8.  The plaintiff, Thomas Henry Whalen, has objected to Magistrate Judge Todd's report and recommendation.  DE 12.  The court, having reviewed the record and being otherwise sufficiently advised, adopts the recommendation.

**A. Standard of Review**

A district judge reviews the report and recommendation of a magistrate judge *de novo*.  *See* 28 U.S.C. § 636(b).  Because plaintiff Whalen is *pro se*, the court applies a less stringent standard than it would otherwise apply in reviewing the present petition.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The court will also take as true and construe in favor of the plaintiff his allegations because he is *pro se*.  *See Malone v. Colyer*, 710 F.2d 258,

260 (6th Cir. 1983).

One filing a petition for habeas corpus must satisfy three prerequisites for obtaining relief: (1) the plaintiff must be in custody, (2) the plaintiff must have exhausted remedies available in state court (or shown such remedies are unavailable or ineffective), and (3) the plaintiff must not have waived or forfeited the right to present an issue by not following rules in state court that would allow for it to be reviewed by state courts on appeal.  28 U.S.C. § 2254(a)-(b).  The first prerequisite is satisfied because Whalen was an inmate at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky, when he filed this action.  The other two must be considered in connection to the plaintiff's specific objections.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may not grant a writ of habeas corpus on a claim already adjudicated on the merits in state court, unless the adjudication of the claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an ureasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1)-(2).  *See also Harris v. Stovall*, 212 F.3d 940, 942-43 (6th Cir. 2000) (following *Williams v. Taylor*, 529 U.S. 362 (2000)).  "A federal habeas court may not find a state adjudication to be 'unreasonable' 'simply because that court concludes in its independent judgment that the relevant state-court

2

decision applied clearly established federal law erroneously or incorrectly.'" *Harris*,

212 F.3d at 942 (quoting *Williams*, 529 U.S. at 411).

## B. Background

Whalen was convicted of first-degree robbery in Clark Circuit Court.  As

Magistrate Judge Todd noted, the Kentucky Court of Appeals, in Whalen's initial

appeal, found the following facts:

> A man entered the Fast Stop Chevron in Winchester, Kentucky;
> approached the register; and told the cashier, Rose Newman, "I want
> all your f-ing money." The man also pointed some type of object at
> Newman and stated, "I'll blow all your all's f-ing heads off." Newman
> put the cash drawer on the counter, and the robber removed the
> contents. As the robber turned to leave, Newman pressed the panic
> button. When Sergeant Kevin Palmer of the Winchester Police
> Department arrived a short time later, he asked Newman if the robber
> was armed. Newman told him that the robber had "something" in his
> hand. Palmer then viewed the store's surveillance video and
> recognized Whalen as the robber.
>
> The next day, Whalen turned himself in and, after being informed of
> his rights, confessed to the robbery. But Whalen denied having a
> weapon at the time he committed the robbery. Instead, he told
> Sergeant Palmer that the object Newman saw was a glove. And the
> Commonwealth does not argue to the contrary.

*Whalen v. Commonwealth*, 205 S.W.3d 238, 240 (Ky. Ct. App. 2006).  The Court

of Appeals affirmed the conviction on direct appeal, *id.*, and the Kentucky Supreme

Court declined to hear an appeal of that decision.  DE 7-5, 2.  The plaintiff then

brought this action.

## C. Analysis

Whalen objects to all three of the findings in the report and recommendation.

First, he objects to the finding that he is not entitled to relief on the grounds that the trial court's instruction to the jury on first-degree robbery misstated the law. Second, he objects to the finding that he is not entitled to relief on the grounds that the trial court erred in permitting hearsay testimony by Sergeant Palmer under KRE 801A(a)(2).  Third, he objects to the finding that he is not entitled to relief on the grounds that the the trial court erred in denying his motion for a directed verdict on the first-degree robbery charge.  On each of these claims, Magistrate Judge Todd found the plaintiff is not entitled to relief because the Kentucky Court of Appeals decided each claim solely on state law grounds and its decision "was neither contrary to nor an unreasonable application of clearly established federal law."  DE 10, 5-12.

Whalen first objects to Magistrate Judge Todd's finding that inclusion of the phrase "while asserting" in the instruction on first-degree robbery given to the jury in his case was not improper.  The Kentucky Court of Appeals found the instruction to be proper under Kentucky law.  *Whalen*, 205 S.W.3d at 242.  "It is especially inappropriate for federal habeas courts to set aside a state court's ruling on an issue of law where [state courts] have already found appellant's claim of a violation of his statutory right to a speedy trial to be meritless."  *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998).  Therefore, the court agrees with Magistrate Judge Todd that the ruling of the Kentucky Court of Appeals is binding on this court absent a claim that it violated the United States Constitution.

4

Whalen next objects to the allowance of a hearsay statement by a Sergeant Palmer, who testified at his trial.  The Kentucky Court of Appeals found the statement was hearsay under KRE 801(c) but was within the exception for a hearsay statement that is "[c]onsistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive," KRE 801A(a)(2), because it was offered as evidence of a prior consistent statement by a witness impeached by Whalen.  *Whalen*, 205 S.W.3d at 241-42.  The Kentucky Court of Appeals did look to a federal case interpreting the corresponding federal rule on prior consistent statements, FRE 801(d)(1)(B), *United States v. Green*, 258 F.3d 683, 692 (7th Cir. 2001), but this case is not in conflict with a decision of the United States Supreme Court.  Therefore, because the Court of Appeals decided this hearsay issue on state law grounds and its decision was neither contrary to nor an unreasonable application of clearly established federal law, the court agrees with Magistrate Judge Todd that Whalen is not entitled to relief on this issue.

Finally, Whalen objects to Magistrate Judge Todd's finding that he is not entitled to relief on the grounds the state court erred in denying his motion for directed verdict because the Commonwealth did not prove that he, Whalen, was armed with a deadly weapon or dangerous instrument at the time of the robbery. The Kentucky Court of Appeals denied this claim as well, noting that "[t]he current state of [Kentucky] law is that '[r]eference to a deadly weapon coupled with a

contemporaneous demand for money or other valuables is sufficient to withstand a motion for directed verdict of acquittal on a charge of first-degree robbery.'" *Whalen*, 205 S.W.3d at 240 (citing *Dillingham v. Commonwealth*, 995 S.W.2d 377, 380 (Ky. 1999)).  Consequently, the Court of Appeals found the "evidence was sufficient to withstand Whalen's motion for directed verdict of acquittal" because "Newman testified that Whalen demanded money, pointed an object at her, and theatened to blow her head off." *Id.*  The court also agrees with Magistrate Judge Todd that this claim was based solely on state law and the decision of the Court of Appeals was neither contrary to nor an unreasonable application of clearly established federal law.  Therefore, the court finds Whalen is also not entitled to relief on this final claim.

**D. Conclusion**

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss or, in the alternative, motion for summary judgment, DE 8, is **GRANTED** and the plaintiff's petition for habeas corpus, DE 1-3, is **DENIED**.

This action is **DISMISSED** and shall be **STRICKEN** from the active docket.

Signed on  January 15, 2008

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY